*480 The Chief JVsticf., delivered the following opinion Qf the COUrt: — Lettice Winn, executrix of George Winn, deceased, and Adam Winn, brought an action of as- *481 sumpsit against, Morrison, and declared therein, upon an assumpsit made by the. said'Morrison, to Adath Winn, and George Winn, in his lifetime, jointly; and judgment, upon a. writ óf inquiry, was rendered against Morrison, in favor of Adam Winn, and Lettice,the executrix of George Winn,deceased. ,. , , ,
The right of a£tii>n furvives.
Tenants in common may, in general, fue feverally $ but they cannot, if the thing in de~ mand is difie-verable.
Carth 170,171 —■2 Lev. -2z8 —3 Lev. ,290 —2 Salk, 444.
The question made by the first assignment of eifor, is, can the action be maintained jointly by the surviving promisee, and the executrix of the deceased promisee ?
This question, considered independently of the act .of assembly “ concerning partitions, joint rights, and obligations” (a), is free from difficulty. . By the common law, joint rights survive to, and become vested in the surviving joint tenant (b). But for the encouragement of trade and husbandry, it is held that a stock on a farm, though occupied jointly, and also stock used in a joint undertaking, by way of pártnership in trade, shall always be considered as common, and not as joint property ; and there shall be no survivorship therein—3 Black. Com. 399—3 Bac. Ab. 589.
This, however, must be understood of the right oí property only ; for although the duty does not survive, the remedy does, and therefore, the survivor must sue alonen ánd when he recovers, he shall account with the executor of the deceased partner, for his share. The executor and. survivor cannot join in an action against the debtor—3 Bac. Ab. 589—1 Ld. Raym. 340.
The assumpsit here, having been máde to Adam Winn and George Winn, jointly, must be considered as a partnership transaction; so that, although the right of property did not, on the death of George, wholly survive to Adam, yet the right of action did ; and the suit was maintaináble by him alone, and not by him and the executrix of George, jointly. ;
The act bf ássembly before recited, at first produced some difficulty ; but tipon full consideration, we think it does not alter the case. It ^provides, in substance, that after the death-of one joint tenant, his rights shall be preserved,-and go to his representatives, in the same manner as if he and the survivor had been, tenants in common. This act was made to preserve the right of ..property, which, in many cases, would have been lost to the representatives of the decedant, by the jwí; accuscen-di; and not to change the remedy or action for the reco *482 very of a chose in action, belonging to the joint tenants. it places the survivor and the representatives of the deceased joint tenants, in all cases, upon the same footing, as in the case of joint traders, or farmers, before mentioned. Where the right of property is considered as a right in common, and therefore not subject to survi-vorship, but the right of action strictly joint, and therefore in all cases vesting solely in the surviving party.
Hardin, for the plaintiff; Clay, for the defendants.
We are fnore strongly inclined to this interpretation of the act, because, in the language of lord Holt, in the case cited from Raymond, “ It would make strange confusion that one plaintiff should sue in his own right, and the other in another’s.”
It is not intended to be laid down as a principle, that tenants in common, must, in all cases, sue jointly. The general rule is otherwise ; but the case before the court is not within the general rule, but within the exceptions to it, which declare, that whenever the thing or demand is disseverable in its nature, the action must be brought by the tenants in common, jointly. And if, however, this case were considered in every respect, a proper tenancy in common, and that the partners might, and ought to have brought their actions for a moiety of the debt, severally, then, it would follow, that Adam Winn, and the executrix of George Winn, ought to have brought their actions severally, for one moiety each, and must be equally fatal to the present suit.
In every way of viewing the subject, we are of opinion, the suit is not maintainable by the plaintiffs in the court below, jointly ; and consequently, that the whole of the proceedings are erroneous, and must be reversed. It is unnecessary to consider the other errors assigned.
Judgment reversed.

 Ails1 of x79^ 7) P- 35» § 2, i Brad. 241.

 Co. Lit. § 282 — iVern* 482 — 2BI.C0m 403 — -Wats. Part- 49.